# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

STEVEN HALL                                                                                    PETITIONER

v.                                                                                    No. 2:09CV50-M-A

LAWRENCE KELLY, ET AL.                                                          RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Steven Hall for *habeas corpus* relief under 28 U.S.C. § 2254.  The respondents have answered and the petitioner has replied.  The matter is ripe for resolution.  For the reasons set forth below, the instant petition for writ of *habeas corpus* shall be denied.

### Facts and Procedural Posture

On July 8, 2002, petitioner Hall was arrested in DeSoto County Mississippi.  On August 15, 2002, Hall was indicted on two counts for the sale a controlled substance and as a habitual offender per MISS. CODE ANN. § 99-19-81.  (Trial Ct. R., Vol. I, pp. 9-11).  On August 26, 2002, Hall waived arraignment and entered a plea of not guilty.  (Trial Ct. R., Vol. I, p. 14).  Petitioner Hall's trial was set for November 20, 2002.  However, Hall failed to appear, and the trial court judge issued a bench warrant for Hall's arrest.  (Trial Ct. R., Vol. I, p. 20).  As a result of petitioner's failure to appear or provide any explanation whatsoever for his absence, Hall's attorney was allowed to withdraw from representation.  (Trial Ct. R., Vol. I, p. 23).  It appears from the record that Hall's absence at the November 20, 2002, trial is directly attributable to petitioner fleeing to Indiana and, ultimately, being incarcerated for burglary and resisting arrest in that jurisdiction.  (Trial Ct. R., Supp. Vol. I, pp. 5-7).

On May 6, 2003, while petitioner was incarcerated in Indiana, he filed a pro se motion for a speedy trial, and on December 15, 2003, petitioner filed a motion for discharge, asserting that he was entitled to release as a result of the delay in bringing him to trial. (Trial Ct. R., Vol. I, pp. 27-30). In March 2004, the State of Mississippi placed a hold on the petitioner with the Indiana Dept. of Corrections. (Trial Ct. R., Vol. I, pp. 32-35). In addition, the record indicates that Hall filed an application pursuant to the Interstate Agreements on Detainers (IAD); however, that request was denied by the Indiana Dept. of Corrections because Mississippi is not a signatory to the IAD. (Trial Ct. R., Supp. Vol. I, pp. 13, 15). Thereafter, on May 19, 2004, the Governor of Mississippi executed an executive agreement for the release of Hall for prosecution in Mississippi. (Trial Ct. R., Supp. Vol. I, p. 15). Finally, on January 15, 2005, Hall was returned to the State of Mississippi. (Trial Ct. R., Supp. Vol. I, p. 10).

Upon return to Desoto County, new counsel was appointed, and petitioner was tried and convicted on April 4, 2005. (Trial Ct. R., Vol. I, p. 74). The DeSoto County jury found Hall guilty on two counts of the sale of cocaine. (*Id*.). As a result, Hall was sentenced as a habitual offender to serve consecutive thirty year terms in the custody of the Mississippi Dept. of Corrections. (Trial Ct. R., Vol. I, pp. 78-79, 89-90).

Hall appealed his sentence and conviction to the Mississippi Supreme Court and raised the following issues:

A.   Did the trial court err in denying defendant's motion to dismiss for lack of speedy trial without a substantive hearing?

B.   Was the court's ruling, denying defendant's motion to dismiss without hearing, attributable to the court's error of memory or to trial counsel's incompetence?

C.   Did the court err in denying defendant's Sixth Amendment right to a speedy trial?

D.   Did the court err in denying defendant's statutory right to a speedy trial?

The Mississippi Court of Appeals was assigned petitioner's appeal, and based on the record before the court, it remanded to the trial court for a hearing on Hall's motion to dismiss for lack of a speedy trial. *Hall v. State*, 2005-KA-00990-COA (¶10) (Miss. Ct. App. Dec. 5, 2006) (order for remand). Accordingly, given the order for remand, the court declined to consider the remaining issues. *Id*. ¶11.

On remand, the trial judge issued an Order explaining that Hall's motion for a speedy trial had already been subject to a pretrial hearing on April 1, 2005. (Order of Trial Ct. Pursuant to Remand (Jan. 16, 2007)). The trial court explained that the transcript of petitioner's motion for a speedy trial hearing had inadvertently been omitted from the record before the Mississippi Court of Appeals. *Id*. However, since the order of remand from the court of appeals, the record had been supplemented with the transcript from the April 1, 2005, pretrial hearing. *Id*. As a matter of further explanation, the trial court judge went on to state, "This Order is entered with the hope of serving justice and judicial economy . . . should this Order not conform to the requirements of the Mississippi Court of Appeals and they deem another hearing on the issue to be necessary, this Court will, of course, abide by their directive." *Id*.

Thereafter, the Mississippi Court of Appeals reviewed the supplemented record, and all of the issues raised by Hall on appeal, and affirmed Hall's conviction and sentences. *Hall v. State*, 984 So. 2d 278 (Miss. Ct. App. 2007), *cert. denied*, 984 So.2d 277 (Miss. 2008).

Accordingly, Hall, proceeding *pro se*, filed an "Application for Leave to Proceed in the Trial Court" and a "Motion for Post-Conviction Collateral Relief" in the Mississippi Supreme Court, in which he raised the following claims:

    A.    Petitioner was afforded ineffective assistance of counsel where counsel failed to secure petitioner's right to a fast and speedy and within the time limit allowed by and after Petitioner had made a demand for trial and

made available for trial by the state in which Petitioner was being held. Said action constitutes a violation of the 5th, 6th and 14th Amendments to the United States Constitution.

B.      The sentence imposed by the trial court constitutes an illegal sentence where court imposed maximum sentence without regard to jury not having been allowed to make determination on enhanced penalty.

C.      Petitioner was subjected to ineffective assistance of counsel in violation of the Sixth Amendment.

D.      Petitioner was denied his right to a speedy trial.

E.      Petitioner was denied due process of law where the state court failed to consider the fact that the extradition agreement to bring Petitioner to trial a year prior to the date in which Petitioner was brought to trial had been signed. The delay in bringing Petitioner to trial was, therefore, not the fault of Petitioner but the fault of the State of Mississippi.

F.      The cumulative effect of the ineffectiveness of counsel deprived Petitioner Hall of his constitutional right to a fair trial and effective direct first appeal in violation of the 5th and 6th Amendments to the United States Constitution.

Upon review of petitioner's claims, the Mississippi Supreme Court denied Hall's application

because it failed to make a substantial showing of the denial of a state or federal right per MISS.

CODE ANN. § 99-39-27(5).  *Hall v. State*, 2008-M-01948 (Miss. Dec. 30, 2008).  Subsequently,

the petitioner filed his federal *habeas* petition on March 2, 2009.

### The Petitioner's Federal Grounds for Relief

The petitioner labels four grounds for relief in his federal petition for a writ of *habeas*

*corpus*, which the court paraphrases below in the interest of brevity and clarity:

A.      **Ground One** - Denial of effective assistance of counsel in violation of the 6th Amendment to the United States Constitution, where counsel failed to secure petitioner's rights to a fast and speedy trial by withdrawing from representation.

B.      **Ground Two** - The sentence imposed by the trial court constitutes an illegal sentence where the jury was not allowed to make a determination of the enhanced penalty.

C.      **Ground Three** - Petitioner was denied due process of law where trial court failed to conduct a hearing on remand.

D.      **Ground Four** - Petitioner was denied his constitutional right to a speedy trial.

E.      **Ground Five** - Petitioner was denied due process of law where the state court failed to consider the extradition agreement to bring petitioner to trial.

F.      **Ground Six** - The cumulative effect of the ineffective counsel deprived petitioner of his constitutional right to a fair trial and an effective direct first appeal in violation of the 5th and 6th Amendments.

**Grounds Reviewed on the Merits in State Court**

The Mississippi Supreme Court has already considered all six grounds for relief on the

merits and decided those issues against the petitioner; hence, these claims are barred from

*habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d),

unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added).  The first exception, subsection (d)(1), applies to mixed questions of law

and fact.  *Gachot v. Stadler*, 298 F.3d 414, 417 (5th Cir. 2002).  The second exception, subsection

(d)(2), applies to questions of fact.  *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997).

Petitioner's claims involve mixed questions of law and fact. Therefore, subsection (d)(1) and subsection (d)(2) govern petitioner's claims.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the state appeals court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to petitioner's claims.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the Mississippi Court of Appeals applied the law were determined unreasonably in light of the evidence presented. Because the court of appeals is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars *habeas corpus* review for issues already decided on the merits.

**Discussion of Petitioner's Claims**

## I. Ineffective Assistance of Counsel

In his First Ground for relief, petitioner asserts that counsel was ineffective where they failed to secure a fast and speedy trial for petitioner.

"The ultimate determination whether counsel was constitutionally ineffective is a mixed question of law and fact that federal habeas courts have traditionally reviewed de novo." *Carter v. Johnson*, 110 F.3d 109 8, 1110 (5th Cir. 1997); *see, e.g., Salazar v. Johnson*, 96 F.3d 789, 791 (5th Cir. 1996); *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994). However, after the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted, "federal courts must now honor the conclusions of state courts regarding the constitutional effectiveness of counsel, unless such determinations constitute an 'unreasonable application' of clearly established federal law, as determine by the Supreme Court." *Carter*, at 1110; see AEDPA, Pub. L. No. 104-132, § 104 (3), 110 stat. 1218; *see also Moore v. Johnson*, 101 F.3d 1069, 1075-76 (5th Cir. 1996) (holding that ineffective assistance of counsel claims are reviewed under the "unreasonable application" standard). On collateral review, the Mississippi Supreme Court found this claim to be without merit. The court is unprepared to find the Mississippi Supreme Court's denial of this claim was "contrary to . . . clearly established Federal law." § 2254(d)(1).

"To establish ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense." *Pitts v. Anderson*, 122 F.3d 275 (1997); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency determination is not unguided. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action

-7-

might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. The court is not to analyze counsel's actions in hindsight, but rather to judge his or her decisions in a "highly deferential" manner. *Motley v. Collins*, 18 F.3d 1223, 1226 (5ᵗʰ Cir. 1994); quoting *Strickland*, 466 U.S. at 689. If counsel's performance is deemed to have been deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different." 172 F.3d at 275 (quoting *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5ᵗʰ Cir. 1997)).

Hall submits that counsel's performance was ineffective because she failed to secure a speedy trial for petitioner. However, as previously mentioned, Hall, being represented by counsel, waived arraignment and entered a not guilty plea on August 26, 2002. (Trial Ct. R., Vol. I, p. 14). Moreover, Hall's trial date was set for November 20, 2002. (Trial Ct. R., Vol. I, p. 16-17); however, Hall failed to appear at his November 20ᵗʰ trial, and the trial court judge issued a bench warrant for his arrest. (Trial Ct. R., Supp. Vol. I, p. 24). Finally, on November 22, 2002, petitioner's counsel, Wanda Abioto, made a motion to withdraw from representation. As an officer of the court, Ms. Abioto attested that she had no information as to Hall's whereabouts.

Petitioner's assertion of ineffective assistance of counsel is without merit. Hall was set for trial within three months of his August 26, 2002 plea entry. However, because Hall failed to appear at his trial on November 20, 2002, fled the jurisdiction, and committed other crimes in Indiana, for which he was convicted and incarcerated. Hall himself is responsible for the delay in his Mississippi prosecution, not trial counsel Abioto. Thus, from the record before this court, Hall's counsel performed adequately, and Hall suffered no prejudice from counsel's representation. Indeed no attorney can represent her client's interests when the client simply

disappears.  Accordingly, petitioner's First Ground for relief will be denied for want of substantive merit.

## II.  Excessive Sentence

In his Second Ground for relief, petitioner argues that the sentence imposed by the trial court was illegal and disproportionate because the jury was not allowed to make a determination on whether he should receive an enhanced penalty as a habitual offender.

"Although wide discretion is accorded a state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law." *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987).  Proportionality review, which weighs the severity of the crime against the harshness of the punishment, is almost exclusively confined to the death penalty.  While the "proportionality principle also applies to noncapital sentences," *Harmelin v. Michigan*, 501 U.S. 957, 997 (1991); (citing *Rummel v. Estelle*, 445 U.S. 263 (1980), "the Eighth Amendment does not require strict proportionality between crime and sentence.  Rather it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id*. at 1001 (quoting *Solem v. Helm*, 463 U.S. 277 (1983)).  Based on the severity of the crime for which Hall was convicted, (sale of a controlled substance), the sentence imposed is well within constitutional limits.  *See Hutto v. Davis*, 454 U.S. 370 (1982) (upholding against proportionality attack a 40-year sentence for possession of marijuana with intent to distribute).

Petitioner was indicted and charged on two counts for the sale a controlled substance as a habitual offender under MISS. CODE ANN. § 99-19-81, which provides that those offenders convicted twice previously to separate terms of one year or more "shall be sentenced to the

maximum term of imprisonment prescribed for such felony, and such sentence shall not be

reduced or suspended nor shall such person be eligible for parole or probation.". (Trial Ct. R.,

Vol. I, pp. 9-11). At the separate sentencing hearing, the State introduced proof of Hall's prior

convictions, which include, *inter alia*, a felony conviction for burglary of an inhabited dwelling

on November 8, 1990, and a grand larceny conviction on November 5, 1991. (Trial Ct. R., Vol.

III, pp. 184, 187-90).

In reviewing the maximum penalty for Hall's offenses, the trial court conducted a

proportionality analysis on the record and found that there was no inference of a gross

disproportionality in regard to the crime and the sentence. (*Id.* at 184, 187-90). After taking

note of the fact that the jury had found petitioner guilty of two separate sales of cocaine, the trial

judge sentenced Hall to thirty years on each count and ordered that these terms run consecutively

without the possibility of parole. (*Id.* at 191).

Therefore, Hall's claim that the trial court imposed a disproportionate and illegal

sentence is, wholly, without merit. Hall was indicted and charged as a habitual offender under

MISS. CODE ANN. § 99-19-81 and found guilty, by a jury, for two counts of the sale of a

controlled substance. The trial judge applied the proportionality analysis prior to sentencing

Hall. As such, Hall's assertions are without merit and are neither contrary to nor an

unreasonable application of clearly established federal law. Therefore, the Second Ground for

relief will be denied.

**III.  Denial of Hearing on Remand**

In his Third Ground for relief, Hall asserts that he was denied due process because the trial court failed to conduct a hearing on the speedy trial issue after the Mississippi Court of Appeals remanded the cases to the DeSoto County Circuit Court.

Hall contends that the trial court's failure to conduct the hearing, as directed by the Mississippi Court of Appeals, denied him right to Due Process because the trial court failed to follow the condition of remand.  This argument is, simply, frivolous, as Hall has already made his arguments in a pretrial hearing on the issue of speedy trial.  The trial court had inadvertently omitted the record of that hearing when preparing the record on appeal but supplemented the record on remand.  (Order of Trial Ct. Pursuant to Remand (Jan. 16, 2007); *see also* Trial Ct. R., Supp. Vol. I).

As a matter of further explanation, the trial court judge stated, "This Order is entered with the hope of serving justice and judicial economy . . . should this Order not conform to the requirements of the Mississippi Court of Appeals and they deem another hearing on the issue to be necessary, this Court will, of course, abide by their directive." (*Id.*)  Accordingly, the Mississippi Court of Appeals reviewed the matter and all of the issues raised by Hall on appeal and affirmed Hall's conviction and sentences.  *Hall v. State*, 984 So. 2d 278 (Miss. Ct. App. 2007), *cert. denied*, 984 So.2d 277 (Miss. 2008).  As such, petitioner's Third Ground for relief shall be denied.

IV.  Denial of Right to Speedy Trial

In petitioner's Fourth Ground for relief, he argues that he was denied his constitutional right to speedy trial, and he would not have been sentenced as a habitual offender had he been tried on the original trial date of November 20, 2002.

Allegations of a constitutional speedy trial violation are governed by a four-pronged test established the Supreme Court. *Barker v. Wingo*, 407 U.S. 514 (1972). In *Barker*, the Court set forth the following four factors in determining speedy trial violations: 1) length of delay; 2) the reason for the delay; 3) the defendant's assertion of his right; and 4) prejudice to the defendant. *Id.* at 530. The Mississippi Court of Appeals analyzed the trial court's application of the *Barker* factors, and, primarily based on the fact that petitioner fled to Indiana before his November 20, 2002 trial, concluded that the "reason for delay" prong and the "prejudice to the defendant" prong weighed in favor of the State. *Hall*, 984 So. 2d at 282. In addition, the Mississippi Court of Appeals concluded that Hall had not been unfairly oppressed by the delay and, therefore, not prejudiced. *Id.* The Mississippi Court of Appeals did find that the petitioner had asserted his right to a speedy trial on May 6, 2003, but that this prong was insufficient to overcome those three that weighed in favor of the State. *Id.*

Because the court of appeals is presumed to have determined the facts reasonably, it is Hall's burden, by clear and convincing evidence, to overcome the presumption of correctness. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). However, Hall has not met this burden.

In addition to the previously discussed issue of speedy trial, Hall alleges that he would not have been tried as a habitual offender had he been tried at an earlier date. This assertion is meritless. As discussed in Hall's Second Ground for relief, his felony convictions in 1990 and 1991 were - of themselves - sufficient to try petitioner as a habitual offender. As such, his conviction in the State of Indiana was not necessary to establish that Hall is a habitual offender. Thus, Hall's claim for relief in Ground Four will be denied.

**V. Denial of Right to Speedy Trial – Reason for Delay**

In a feat of mental gymnastics aimed at relieving himself from all personal responsibility, Hall claims that the State of Mississippi was responsible for the delay in bringing him to trial, and the court of appeals failed to give consideration to the date of Hall's release to Mississippi. Because executive agreements were signed by both the Governor of Mississippi and the Governor of Indiana in May 2004, Hall argues that he could immediately be transported to Mississippi for trial, but the State of Mississippi did not transport him back for trial until January 15, 2005.

After Hall failed to appear at his November 20, 2002 trial, the trial judge issued a bench warrant for his arrest. (Trial Ct. R., Vol. I, p. 20). On May 6, 2003, while petitioner was incarcerated in Indiana, he filed a pro se motion for a speedy trial. (Trial Ct. R., Vol. I, pp. 27-30). Until that point, nothing in the record suggests that Hall's whereabouts were known to the State of Mississippi. In March 2004, the State of Mississippi placed a hold on the petitioner with the Indiana Dept. of Corrections. (Trial Ct. R., Vol. I, pp. 32-35). In addition, the record indicates that Hall filed an application under the Interstate Agreements on Detainers (IAD). That request was, however, denied by the Indiana Dept. of Corrections because Mississippi is not a signatory to the IAD. (Trial Ct. R., Supp. Vol. I, pp. 13, 15). On May 19, 2004, the Governor of Mississippi executed an executive agreement for the release of Hall for prosecution in Mississippi. (Trial Ct. R., Supp. Vol. I, p. 15). Finally, on January 15, 2005, Hall was returned to the State of Mississippi. (Trial Ct. R., Supp. Vol. I, p. 10).

At petitioner's pretrial hearing on the speedy trial claim, the trial judge considered all documentation, including the Governor of Mississippi's executive agreement signed on May 19, 2004. In making his ruling, the trial judge discussed the time line on the record and determined that the cause of delay prong of the *Barker* test weighed against the petitioner because the delay

-13-

was attributable to his flight from justice and subsequent incarceration in another state. (*Id.* at 22-24.). What is more, as the trial judge stated and the court of appeals affirmed, there is nothing in the record to suggest that the State of Mississippi had any right or duty to retrieve Hall from the State of Indiana. (*Id.* at 24.). Moreover, petitioner had an opportunity to explain why the State of Mississippi had the right to immediately extradite him back from Indiana to Mississippi, but Hall stated only that the Governor's extradition agreement entitled Mississippi to that right, without any further explanation. (*Id.* at 16-17.). Similarly, the Mississippi Court of Appeals considered the trial court's application of the *Barker* factors with the supplemented record, as discussed in Ground Three *supra*, and they affirmed the trial court's ruling. *Hall*, 984 So. 2d at 282. Therefore, Hall's claim that the court of appeals failed to consider information is contrary to the record.

Interestingly, even after Hall claimed his right to a speedy trial had been violated, he requested that his court-appointed counsel file a motion for continuance of his new trial date, which was denied by the trial judge because Hall had been indicted since 2002. (Trial Ct. R., Vol. II, pp. 25-26).

Accordingly, the Court finds that petitioner's Fifth Ground for relief is without merit and should be denied.

## VI. Cumulative Error

In petitioner's Sixth and fin al Ground for relief, he argues that the cumulative effect of counsel's ineffectiveness deprived him of his right to a fair trial and effective direct appeal.

Cumulative error can be an independent basis for habeas corpus relief, but only where "(1) the individual errors involved matters of constitutional dimensions rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir.1996) (citing *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir.1992)). In evaluating the sufficiency of a cumulative error charge, meritless claims or claims that are not prejudicial cannot be cumulated, no matter how many the petitioner raises. *Derden*, 978 F.2d at 1461. As the court has found no merit to any of Hall's claims previously discussed, his allegation of cumulative error will be denied. Hall has not shown that errors, capable of review, have combined to cast doubt upon whether the verdict satisfied due process. Thus, the Mississippi Court of Appeals decision that this claim is without merit was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Further, the decision was not based on an unreasonable determination of the facts in light of the evidence. Hall's  request for habeas corpus relief in Ground Six will therefore be dismissed.

### Conclusion

For the foregoing reasons, petitioner Hall's 28 U.S.C. § 2254 motion to vacate, set aside, or correct the sentence imposed shall be denied.  The claims neither singularly or collectively are sufficient to warrant federal habeas relief.  A final judgment shall issue in accordance with this opinion.

**SO ORDERED,** this the 14th day of April, 2011.

                                       **/s/ MICHAEL P. MILLS**
                                       **CHIEF JUDGE**
                                       **UNITED STATES DISTRICT COURT**
                                       **NORTHERN DISTRICT OF MISSISSIPPI**